THE PEOPLE OF THE STATE OF ILLINOIS, *ex rel.*
JOHN HODGES

*v.*

ORLIN H. MINER, Auditor, etc.

1. FEES—*of marshal of the city of Cairo—for conveying prisoners to penitentiary —determined by the act of* 1851.   The compensation of the marshal of the city of Cairo, for services in conveying prisoners to the penitentiary, must be determined by the act of Feb. 15, 1851, amendatory of chap. 81, of the R. S., entitled penitentiary, without regard to the act of Feb. 16, 1865, raising the fees of sheriffs in certain counties, for such services.

This is an application to this Court, in the name of the people, on the relation of John Hodges, for a writ of mandamus against Orlin H. Miner, Auditor of Public Accounts.

The facts in the case are fully stated in the opinion.

Messrs. GREEN & GILBERT, for the relator.

Mr. R. G. INGERSOLL, Attorney General, for the respondent.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This is an application for a mandamus to compel the auditor to pay a sum of money claimed by the relator to be due him, as marshal of the city of Cairo, for conveying certain convicts to the penitentiary.   The act creating the Court of Common Pleas for the city of Cairo, first passed in 1855, and amended in 1859, provides that the marshal shall perform all such duties for said court as are required by law to be performed by the sheriffs of the several counties of the State for the Circuit Courts, and shall receive fees in like manner as the sheriffs of the counties of this State.

The act of 1851, amending chapter 81 of the Revised Statutes, entitled penitentiary, fixes the fees of sheriffs for

conveying convicts to the penitentiary. By the act, entitled "an act to regulate the fees and compensation of sheriffs and collectors in certain counties," passed February 16th, 1865, the fees of sheriffs in fifty-one counties of the State are considerably raised, the fees of the same officers in the other fifty-one counties remaining unchanged, and as fixed by the general law of 1851. The question at issue in this case between the relator and the auditor is, which of these acts shall determine the compensation of the marshal.

It is urged by the counsel of the relator, that it was the intention of the legislature to establish the fees of the marshal in reference to those of the sheriff of Alexander county, in which the city of Cairo is situated, and as this county is one of those in which the fees of sheriffs are raised by the act of 1865, the fees of the marshal must be considered as raised to the same extent. But if such was the intent of the legislature, they failed to express it. On the contrary, the language of the act of 1859 is, that the marshal shall "receive fees in like manner as the sheriffs of the counties of this State." The language of the act of 1855, was that he should "be entitled to receive the same fees allowed by law to sheriffs." In neither act is reference made to the fees of the sheriff of Alexander county, as the criterion by which those of the marshal are to be regulated, and in the later law, in force when the services in question were rendered, the reference is expressly to the fees of "the sheriffs of counties in this State." The palpable meaning of this phrase is, the fees fixed by general law for sheriffs throughout the State, and if the legislature had afterwards passed a law applicable only to the sheriff of Alexander county, either raising or lowering his fees, it would hardly have been contended that such law would have affected the fees of the marshal of Cairo.

But, it is urged, as there are only one hundred and two counties in the State, and the act of 1865 enumerated fifty-one in which fees were to be raised, precisely half of the

entire number, the fees fixed by that act may be considered the fees of sheriffs of the counties of this State, with as much propriety as the fees fixed by the law of 1851. But while, by a very vicious system of legislation, and through an act of very questionable constitutionality, the sheriffs in one-half the counties of the State receive a much higher rate of fees than the same officers, for the same services, in the other half, the law of 1851 must, nevertheless, be considered as the general law of the State in force when the services in question were rendered. The law of 1865 was special in two particulars; it applied only to certain counties expressly named therein, and was to expire by its own limitation on the first of July, 1867. It was amended by an act passed February 26, 1867, but with this last law we have, in this case, no concern, as it was not passed until after the services in question were rendered. The act of 1865 thus recognized that of 1851 as in force in all the non-enumerated counties, and as only temporarily suspended in the enumerated counties, but to resume its vitality, even in those counties, upon a fixed day. In view of this, we must hold, that, in deciding what grade of fees shall govern when reference is made to the fees of "sheriff's of the counties of this State," regard is to be had to the general and permanent law of 1851, rather than the special and temporary act of 1865, notwithstanding each law was in force in the same number of counties at the time these services were performed. It is true, there is no intrinsic propriety in paying the sheriff of Alexander county one rate of fees, and the marshal of Cairo another, for the same services; but there is no more impropriety than in paying different rates to the sheriffs of adjoining counties, and the difficulty springs from this objectionable system of partial legislation. We can no more raise the fees of the marshal of Cairo, than we could those of a sheriff whose county had not been named in the act of 1865.

<div align="right">

*Mandamus refused.*