## PATRICK FLYNN

*v.*

## BOARD OF SUPERVISORS OF WINNEBAGO COUNTY.

FEES—*special acts relating to, repealed by constitution of* 1870. The constitution of 1870 has abrogated all special statutes in relation to the fees of officers in force at the time of its adoption, and for services thereafter, the fees and compensation of officers are governed by the general law on that subject.

APPEAL from the Circuit Court of Winnebago county; the Hon. WILLIAM BROWN, Judge, presiding.

This was an action of assumpsit, by the appellant, to recover fees and compensation for services performed by him and his deputies as sheriff of Winnebago county.

Mr. JAMES M. WIGHT, for the appellant.

Messrs. CRAWFORD & MARSHALL, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellant, in the Winnebago circuit court, against appellee, for the recovery of fees and compensation for services rendered the county. No question is made as to whether the services were rendered, but the whole case turns upon the question whether, by the adoption of the constitution of 1870, the act of 1865, Sess.

Laws, 69, allowing a higher rate of fees to certain officers in a number of counties named in the act, than was allowed by the general fee bill law of the State, and the act of 1867, Sess. Laws, 112, which continued the act of 1865 in force, were repealed.

In the case of *Chance* v. *Marion County*, 64 Ill. 66, we had occasion to fully examine this question, and we there held the constitution abrogated that law, and officers in counties therein named could only claim fees and compensation under the general law fixing fees and compensation. After deciding the question in that case, we deem it unnecessary to again give the reasons which induced us to arrive at the conclusion then announced. That case is decisive of this.

The court below allowed appellant all he was entitled to recover under the general law, and did right in rejecting his claim for fees under the special law, and the judgment must be affirmed.

*Judgment affirmed.*