## THE PEOPLE, use of Stevenson,

### *v.*

## BEVERLY WILTSHIRE.

1. FEES AND SALARIES—*commissions allowed to county collector on school taxes—construction of the statute.* A county collector is entitled to a commission for collecting school taxes levied under the provisions of sec. 44, ch. 122, Rev. Stat. 1874, p. 961. The provision in section 45 of that chapter, that the collector shall pay over to the township treasurer "the *full amount* of said tax," means that he shall pay over the full amount collected, less his commission allowed by sec. 21, ch. 53, Rev. Stat. 1874, p. 512. These chapters, 53 and 122, became the law at the same time, July 1, 1872, and therefore, so far as they relate to the same subject, are *in pari materia,* and are to be taken together and construed as one law.

2. TAXES *for school purposes—what constitute.* Legitimate commissions for collecting school taxes may not improperly be called money "raised for school purposes," within the meaning of the statute, and the school directors should add the amount of such commissions to the amount they desire to produce to the treasury of the district,—the total constituting the true amount that must be raised for school purposes.

3. COSTS—*in suit respecting school fund.* In an action by a township treasurer upon the official bond of a collector of taxes to recover taxes alleged to have been collected for school purposes, even though there be no recovery by the plaintiff, it is error to render a judgment against him for costs, and to award execution against him therefor, as that is prohibited by sec. 78, ch. 122, Rev. Stat. 1874.

APPEAL from the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding.

Mr. JOHN MICHAN, for the appellant:

The school tax for school districts in township 5 south, range 5 west, in Randolph county, collected for the year A. D. 1872, amounted to $2323.18, of which defendant, Wiltshire, retained two per cent commission, amounting to $46.47, and this suit is brought by John Stevenson, treasurer of the school funds of township 5 south, range 5 west, under section 46, ch. 122 of the School law, to recover that amount.

Is the defendant, Wiltshire, authorized by law to retain

two per cent of the school district tax collected by him, as commission?

The law required the defendant to pay to the treasurer the full amount of the school district tax collected by him. See sec. 45, ch. 122, School law. This section is imperative—he is not authorized to retain any amount as commission,—he shall pay it all over. No officer has a right to demand any fee or reward, unless that right is clearly given by law.

Sec. 21, p. 512, Rev. Stat. 1874, we submit does not apply to this case. This is a special school tax, and is authorized under sec. 44, ch. 122 of School law.

Secs. 44 and 45, ch. 122, of School law, pp. 961 and 962, Rev. Stat. 1874, is the only law which provides for the levy and collection of school district tax. Ignore these two sections and there could not be one dollar raised by taxes for the purpose of building, repairing and improving school houses, or for the purpose of maintaining schools in our State, except the mere pittance derived from the two mill tax provided for in sec. 68, ch. 122, School law. The entire machinery for levying and collecting the school tax is found in the School law, and only in the School law.

That the court erred in giving judgment against plaintiff for the costs of suit will clearly appear on examination of sec. 78, ch. 122, Rev. Stat. 1874.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The judgment from which this appeal is prosecuted was rendered by the circuit court of Randolph county, at its September term, 1876, in an action of debt, brought in that court by the People for the use of John Stevenson, township treasurer of township 5 south, range 5 west, Randolph county, against Beverly Wiltshire, and his sureties, upon his official bond as collector of taxes of Randolph county.

The facts are, Wiltshire collected taxes levied for the year 1872 by the several school districts in township 5 south, range

5 west, amounting to $2323.18, upon which he claims and has retained a commission of two per cent, amounting to $46.47.

Randolph county is classified by the statute, in the chapter relating to fees and salaries, as a county of the second class, (Rev. Stat. 1874, p. 503, § 13,) and the only question is, whether a collector is entitled to a commission for collecting school taxes levied under the provisions of sec. 44, ch. 122, Rev. Stat. 1874, p. 961.

It is provided by sec. 45 of that chapter (Rev. Stat. 1874, p. 962,) that "on or before the first day of April next after the delivery of the tax books containing the computation and levy of said taxes aforesaid, or so soon thereafter as the township treasurer shall present the said certificate of the amount of said tax, and make a demand therefor, the said collector shall pay to said township treasurer the full amount of said tax so certified by the county clerk," etc.

It is argued that this language is imperative, and requires that all that shall be collected shall be paid over. Taken by itself, the language is undoubtedly as claimed. But it is provided by sec. 21, ch. 53, Rev. Stat. 1874, p. 512, that "county collectors shall be allowed a commission on all money collected by them and paid over to the proper officer of * * two per cent, in counties of the second class." This language is as broad and comprehensive as it well can be. "All money collected" certainly includes money collected which was levied under and by virtue of sec. 44, ch. 122. Ch. 53, and ch. 122, became the law at the same time—July 1, 1872—and therefore, so far as they relate to the same subject, are *in pari materia*, and are to be taken together and construed as one law.

School directors are required by sec. 44 of ch. 122, *supra*, to "ascertain as nearly as practicable, annually, how much money must be raised by special tax for school purposes during the ensuing year, which amount shall be certified and returned to the township treasurer on or before the first Monday of September, annually." It is made the duty of the

township treasurers to return the certificates therefor to the county clerks on or before the second Monday of September. And section 45 of the same chapter requires the county clerks, when making out the tax books for the collectors, to compute each taxable person's tax in said district, according to the amounts certified as aforesaid, upon the total amount of taxable property, etc., etc. But since, by sec. 21, ch. 53, *supra,* the collector is allowed a commission of two per cent, it follows that the directors should add this amount to the amount they desire to produce to the treasury of the district, the total constituting the true amount that must be raised for school purposes. And this, we must presume, was done in the present instance.

There is no impropriety, within the meaning of the statute, in calling legitimate commissions for collecting school taxes money "raised for school purposes." The money, therefore, which the collector is directed by sec. 45, ch. 122, *supra,* to pay to the township treasurer, is money which belongs to the treasury for the several districts, and not the commissions of the collectors.

The only error in the judgment below that we have been able to discover is in rendering judgment for costs against the plaintiff, and awarding execution therefor. This is prohibited by sec. 78, ch. 122, *supra.*

For that error alone the judgment below will be reversed.

*Judgment reversed.*