# THE COUNTY OF CAMERON v. THE SCH. DIST. OF SHIPPEN TP.

ERROR TO THE COURT OF COMMON PLEAS OF CAMERON COUNTY.

Argued May 11, 1887—Decided October 3, 1887.

As by § 34, act of May 8, 1854, P. L. 625, the school taxes assessed upon unseated lands are to be collected by the county as trustee for the school districts, and as by § 41, act of April 15, 1834, P. L. 544, the county treasurer is entitled to receive a commission on all amounts received and paid out by him, the county is liable to the school districts for but the amount of school tax collected less the amount of the commissions paid.

Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.; PAXSON, J., absent.

No. 380 January Term 1887, Sup. Ct.; court below, No. 60 May Term 1885, C. P.

This case was tried by the court, C. A. MAYER, P. J., without the intervention of a jury, in accordance with the provision of the act of assembly of April 22, 1874, P. L. 109. It was a suit brought by the school district of Shippen township against the county of Cameron to recover certain moneys

which were allowed to the county treasurer as commissions out of moneys collected by the treasurer as school taxes on unseated lands situate in the township of Shippen which constitutes said school district. The amount claimed to have been collected and retained as commission by the county treasurer was the sum of five hundred and ninety-four dollars and twenty-four cents. This sum was sought to be recovered in the suit.

The following were the facts found:—In the year 1880, as appears by the report of the county auditors, there was allowed to the then treasurer of the county the sum of $201.82, in the year 1882, as appears by the same report, there was allowed the sum of $155.62, and in the year 1884 the auditors' report shows there was allowed the sum of $230.73. These several items, amounting in the aggregate to the sum of $594.24, were allowed to the county treasurer as commissions on school taxes collected by them on unseated lands in the township of Shippen. These commissions were settled by the county treasurer at the annual settlement made by the county auditors in the years 1880, 1882 and 1884. From these settlements by the county auditors no appeal was taken.

The question to be decided is, whether there is any law or statute authorizing the allowance of this commission to the county treasurer for the collection of school taxes on unseated lands.

The conclusions of law were:—

1. That school districts are entitled under the act of May, 1854, to the full amount of all taxes collected on unseated lands returned by the collector of school taxes to the commissioners of the county. No deductions can be made on account of commissions paid to the county treasurer.

2. The several settlements of the county treasurer's accounts by the county auditors allowing to the treasurer a commission out of money collected for a school district are not binding upon the district. The school district not being a party to such settlements cannot be affected or bound by it.

3. The claim of the plaintiff having accrued within six years before the institution of the suit, the statute of limitations is not a bar to the recovery of the claim.

4. Although the certificate of return made by the school

directors of said school district to the commissioners of the county may have been informal, yet, as the county collected the school taxes, the informality of said certificate cannot avail the county as a defence to the claim of the plaintiff.   The plaintiff is therefore entitled to recover from the defendant the sum of six hundred and eighty-four dollars, being the amount of the plaintiff's claim with interest.

The prothonotary is directed to give notice to the parties or their attorneys of the filing of this decision, and, if exceptions are not filed thereto in 30 days after service of said notice, to enter judgment in favor of the plaintiff for the recovery of six hundred and eighty-four dollars and eighty cents.

Exceptions filed by the defendant county were overruled, and judgment being entered as directed, the defendant took this writ assigning for error the ruling of the court that the county was not entitled to credit on the amount of taxes collected for the commissions allowed to the county treasurer.

*Mr. J. B. Newton*, of *Newton & Green*, for the plaintiff in error:

1. The plaintiff below based the right to recover upon the authority of Conyngham Sch. Dist. v. Columbia county, 2 Leg. Ch. 30; s. c. 6 Leg. G. 26, and 3 Luz. Leg. Reg. 19, but in that case the court misunderstood the cases of Lycoming Co. v. Huling, 1 Pittsb. L. J. 82, and Potter Co. v. Oswago Tp., 47 Pa. 163, and confounded the law relating to the collection of school taxes, with the act of March 30, 1811, 5 Sm. L. 251, relating solely to the collection of road taxes, and in which the words, " to pay over the amount thereof to the supervisors," are used.

2. Under the authority of Lycoming Co. v. Huling and Potter Co. v. Oswago, supra, the school taxes collected by the county are in the custody of the county treasury for safe keeping and the county is liable to the school districts for them. The county treasurer is not acting in behalf of the school districts; there is no privity between him and them and no liability on his part to them.   He collects the tax for the county, under a warrant for the county and subject to its orders.

*Mr. J. C. Johnson*, for the defendant in error:

Under the act of 1834, the county treasurer is entitled to

receive for his services in behalf of the county a certain per cent. on all moneys received and paid. The school tax when collected is a county fund and is collected and paid by the county treasurer on behalf of the county. That act does not except the school fund from the payment of the commission. The whole school tax is to be certified, the collection thereof enforced, and when collected paid over: *Elwell*, P. J., Conyngham Sch. Dist. v. Columbia Co., 2 Leg. Ch. 30; s. c. 6 Leg. Gaz. 26, and 3 Luz. L. Reg. 19.

OPINION, MR. CHIEF JUSTICE GORDON.

"The question," says the learned judge of the court below, "is, whether there is any law or statute authorizing the allowance of this commission to the county treasurer, for the collection of school taxes on unseated lands." We think the question here put is of easy solution. As the treasurer is by the act of 1834 entitled to receive for his services on behalf of the county, "a certain amount per cent. on all moneys received and paid out by him," and as by the act of May 8, 1854, the unseated school taxes are to be collected by the county as trustee for the several school districts, and can be paid out only on orders drawn by the commissioners, it is certain that, so far as the treasurer is concerned, he collects these funds for the county, and is, therefore, entitled to have compensation and can lawfully be compelled to pay over only the amount he has collected less his percentage. So, therefore, this balance is just what the county received for the school district, and this was all it, as trustee for the district, was bound to account for. It was not bound to pay out money that it did not receive. The act of assembly never contemplated either a gift by the treasurer of his services, or by the county of its money for the benefit of the school district.

Judgment of the Common Pleas is now reversed.