THE MAYOR AND COUNCIL OF THE CITY OF WAYCROSS *v.*
THE BOARD OF EDUCATION OF THE CITY OF WAYCROSS.

Where a school tax was levied by town authorities, the law provid-
ing that the money so raised should be used only for establishing
and maintaining public schools in said town, and making it the
duty of the treasurer of the town to recover all said money from
the mayor and council; and where by authority of law said mayor
and council had appointed a collector of all taxes imposed by them,
and provided that he should receive a certain per cent. thereof as
compensation for his services, such collector had the right to re-
tain from the school fund his commissions for collecting the same.
March 16, 1891. Argued at the last term.

Schools.    Tax.    Municipal corporations.    Before
Judge ATKINSON.    Ware county.    At chambers, Jan-
uary 7, 1891.

Reported in the decisio

J. L. SWEAT, by brief, for plaintiff in error.

S. W. HITCH, by brief, *contra.*

LUMPKIN, Justice.

An act was passed October 22d, 1887, to establish a
system of public schools for the town of Waycross.    It
was amended December 26th, 1888.    Under the law as
amended, the mayor and council of said town were au-
thorized and required to levy an *ad valorem* tax of one
fourth of one per cent., and the sum so raised was to
be used only for the purpose of establishing and main-
taining public schools in and for said town.    The last
recited act also provided that it should be the duty of
the treasurer of said town to recover from the mayor
and council all the money received by them by taxa-
tion for school purposes, and pay the same out only
upon the order of the board of education.    The charter
of the town of Waycross authorized the town authori-
ties to appoint a tax-collector for the town, prescribe
his duties and regulate his salary or pay.    In pursuance

of this authority, the mayor and council appointed a tax-collector, and provided that he should receive as compensation for his services ten per cent. of *all* the taxes collected by him. It appears that this collector collected the sum of $1,735.30, and paid over the same to the school authorities, less his commissions of $173.53. The board of education, alleging that said collector had no legal right to retain this sum out of the school fund, demanded the same from the mayor and council, who refused to pay or cause the same to be paid to said board. Whereupon the board of education sought by *mandamus* to compel the town authorities to have this money paid to them for school purposes. The judge below granted a *mandamus* absolute, and this decision is the error complained of.

The sole question made is, were the mayor and council authorized by law to apply any portion of the sum collected for school purposes to the payment of the expense of its collection? As a general proposition, it would seem just and equitable that any fund collected by taxation for a specific purpose, should bear the legitimate and necessary expense of such collection, and it would follow inevitably that this school fund should be reduced by the amount of such expense unless the law on the subject provides otherwise. We are of the opinion that this law should not be so strictly construed as to prevent this fund from being so reduced. A statute of Pennsylvania provided, in substance, that whenever school taxes assessed on unseated lands should not be paid by the owner or owners thereof, the proper county commissioners should enforce the collection thereof, and when collected the money should be paid to the district treasurer for school purposes, by orders drawn on the county treasurer. A question arose under this act as to whether or not the county treasurer should be allowed his commissions for collecting

school taxes on unseated lands, and in the case of the County of Cameron *v*. The School District of Shippen Township, 117 Pa. St. 149, 11 Atl. Rep. 534, it was held, that inasmuch as the treasurer, by the act of 1834, was entitled to receive for his services a certain per cent. on all moneys received and paid out by him, he could retain his commissions for collecting the school tax, and that the county was liable to the school district for but the amount of school tax less the commissions paid. The Pennsylvania act does not, it is true, expressly declare that *all* of the school tax on unseated lands should be paid over for school purposes, but the requirement to pay over *the money* is the same, in effect, as a requirement to pay over *all* the money.

The case of The People for the use of Stephenson *v*. Wiltshire, 92 Ill. 260, is exactly in point. By a statute of Illinois, it was provided that the county tax-collector should pay over to the township treasurer, for school purposes, *the full amount* of certain school taxes, and it was held that this meant he should pay over the full amount less his commissions. Mr. Justice Scholfield remarked that the language used was imperative, and taken by itself, would undoubtedly require all this fund to be paid over without deduction, but inasmuch as it was provided by another statute that county collectors should be allowed a commission on all money collected by them, the two statutes should be construed *in pari materia*, and that taken together they should be held to mean that the school fund, like all other funds collected, should be subject to this commission. It was further held by the Illinois court that "legitimate commissions for collecting school taxes may not improperly be called 'money raised for school purposes.'" And this seems to us by no means a strained construction of the law. In the case before us, the money raised by taxation for school purposes in the town of Waycross, was to be

used only in establishing and maintaining public schools, for the law so provided. But another law of equal force authorized the mayor and council of Waycross to pay its collector in whatever way they saw proper; and they having, under the authority of this law, fixed his compensation at ten per cent. upon all sums collected for taxes, this provision was of equal weight and force with the law providing for the establishment of schools. Construing the two together, as did the Supreme Court of Illinois, they mean that the school authorities of Waycross shall have the use of the school fund less the legitimate expense of collecting it, and that this very expense is incurred for establishing and maintaining these schools. While the question here decided may not be entirely free from doubt, our conclusion is certainly supported by two eminently respectable decisions, as shown, and doubtless others upon the same line could be found. And on general principles, it is certainly fair that the school fund should bear the expense of its own gathering, just as all other funds raised by taxation are made to do. In the distribution of money by courts, and especially by courts of equity, the same fair rule universally prevails; and no good reason occurs to us why this principle should not control the case before us. *Judgment reversed.*