THE BOARD OF SUPERVISORS OF JEFFERSON COUNTY

*v.*

DAVID C. JONES *et al.* Executors, etc.

1. FEES OF COUNTY OFFICERS—*special laws regulating repealed by constitution.* Section 11 of article 10 of the present State constitution has abrogated all prior special statutes relating to the fees and compensation of township and county officers, but the officers in counties where such special acts were in force were not thereby deprived of all claim for fees; they were by such abrogation remitted to the general law on the subject, which had never been repealed.

2. STATUTE—*whether special or general.* The act of 1865 relating to fees of certain officers, which gave increased fees in fifty-one counties, and allowed greater fees to clerks than was allowed in the other counties of the State, was a special law within the meaning of the constitutional provision. The act of 1867, continuing the same in force in certain counties, until otherwise provided, did not have the effect to make the law a general one.

3. SAME—*township organization law.* The constitution having expressly authorized a township organization law which might be operative in certain counties and not in others, such law is to be regarded as a general law.

APPEAL from the Circuit Court of Jefferson county; the Hon. JAMES M. POLLOCK, Judge, presiding.

This was a suit brought by William Dodds, in his lifetime, against the board of supervisors of Jefferson county, to recover fees for services performed by him as county clerk of said county. Before judgment he died, and upon suggestion

of his death, the appellees, who were executors of his last will and testament, were substituted as plaintiffs in his stead. The cause was tried before the court without a jury, and judgment was rendered in favor of the appellees, the court allowing fees according to the act of 1865 relating to fees in certain counties, of which Jefferson county was one.

Mr. T. B. TANNER, for the appellants.

Messrs. CASEY & PATTON, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This case is free from difficulty, the only question being, is the act of February 16, 1865, a special law, within the meaning of section 11 of article 10 of the present constitution?

That section is as follows:

"The fees of township officers, and of each class of county officers, shall be uniform in the class of counties to which they respectively belong. The compensation herein provided for shall apply only to officers hereafter elected, but all fees established by special laws shall cease at the adoption of this constitution, and such officers shall receive only such fees as are provided by general law."

The act of 1865 selected fifty-one counties of the State by name, to the clerks of which certain fees were allowed, greater than were allowed to the clerks in the other fifty-one counties not named. The county of Jefferson is one of the counties named in the act, the clerk of which makes the claim now under consideration. This act, the result of a vicious system of legislation, and of questionable constitutionality, came before this court in *The People* v. *Miner*, 47 Ill. 33, and was adjudged to be a special law, and, of course, within the clause of the constitution cited. It was, doubtless, owing in some measure to the denunciation of this kind of legislation by this court that the constitutional provision had its origin. But it is urged by appellees' counsel that, inasmuch as the

general assembly, by the act of February 20, 1867, continued the act of 1865 in force until otherwise ordered by them, it should not now be regarded as special. Counsel mentions several instances in which laws applicable to portions of the State only have been always considered general laws, such as the township organization law. The source from which such laws flow is constitutional. Their origin is found in section 6 of article 7 of the constitution of 1848, and in section 5 of article 10 of the present constitution. The law in question is very different in nature and in purpose.

The present constitution having rendered invalid this special law of 1865, officers named in it are not, as counsel for appellees suppose, deprived of their fees. They are remitted to the general law on that subject, which has never been repealed. See *Chance* v. *Marion County,* 64 Ill.

Without entering into a critical examination of the charges made by the deceased clerk, under the special law of 1865, it is sufficient to say that all allowances made to him, under that law, were illegal and unauthorized, and the judgment of the circuit court must be reversed and the cause remanded in order that they may be disallowed in any judgment hereafter to be rendered.

The judgment is reversed.

*Judgment reversed.*