The People of the State of Illinois, for use, etc., Appellant, *vs.* N. C. Vickroy *et al.* Appellees.

*Opinion filed December 16, 1914—Rehearing denied Feb. 4, 1915.*

1. Constitutional law—*when a law is uniform.* A law is uniform when all persons brought within the relation and circumstances provided for are affected alike.

2. Same—*what is a general law.* A general law is one framed in general terms and restricted to no locality, operating equally upon all of a group of objects, which, having regard to the purpose of the legislation, are distinguished by characteristics sufficiently marked and important to make them a class by themselves.

3. Same—*purpose of the provisions of the constitution relating to fees of township officers.* The purpose of sections 11 and 12 of article 10 of the constitution, in so far as they apply to township officers, was that the fees of such officers should be uniform, in order to bring about a reasonable compensation for services actually rendered, and that such uniformity might be based upon a classification of counties, by population, into three classes.

4. Same—*amendment authorizing board of auditors to fix compensation of the town collector is invalid.* The last proviso to section 36 of the Fees and Salaries act, authorizing the board of town officers to fix the town collector's compensation at a less amount than is provided in such section for town collectors in the three classes of counties into which the State is divided, is in violation of sections 11 and 12 of article 10 of the constitution, and is invalid.

Appeal from the Circuit Court of Henry county; the Hon. Robert W. Olmsted, Judge, presiding.

Henry Waterman, for appellant.

Harry E. Brown, (Bartlett S. Gray, of counsel,) for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from an order of the circuit court of Henry county sustaining a demurrer to the declaration filed in behalf of the People of the State of Illinois, for the use of Geneseo township, in said county, against N. C. Vickroy and his bondsmen, for alleged failure to account for the full amount of money coming into said Vickroy's hands as town collector. The question involved in this case is identical with that in another case of the same title, the two cases being consolidated in this court, the only difference being that the suits were on different bonds, of different dates, for different amounts, and one of the bonds being signed by two more bondsmen than the other. One suit is for taxes collected in 1912 and the other for 1913.

The only question involved is the constitutionality of a proviso of a paragraph added in 1911 by amendment to section 36 of the Fees and Salaries act. The paragraph in question reads as follows: "Each town or district collector shall be allowed a commission of two per cent, on all moneys collected by him, to be paid out of the respective funds collected: *Provided,* that in any case where the compensation so allowed shall be insufficient, the town or county board may allow an additional compensation or per diem in lieu of other or greater commissions, in which case said additional compensation shall be paid out of the town or county treasury, as the case may require: *And, provided, further,* that all excess of commissions and fees over $1500 in counties of the first and second class and over $3000 in counties of the third class shall be paid into the town or district treasury: *Provided, however,* that the town board of auditors of any town may, prior to election of a town collector, fix the maximum amount at a lesser sum than provided herein." (Hurd's Stat. 1913, p. 1269.)

The last proviso is the one whose constitutionality is questioned. The trial court held this amendment unconstitutional, on the ground that it was in conflict with sec-

266 – 25

tions 11 and 12 of article 10 of the constitution of 1870. These sections read:

"Sec. 11. The fees of township officers, and of each class of county officers, shall be uniform in the ·class of counties to which they respectively belong. The compensation herein provided for shall apply only to officers hereafter elected, but all fees established by special laws shall cease at the adoption of this constitution, and such officers shall receive only such fees as are provided by general law.

"Sec. 12. All laws fixing the fees of State, county and township officers, shall terminate with the terms, respectively, of those who may be in office at the meeting of the first General Assembly after the adoption of this constitution; and the General Assembly shall, by general law, uniform in its operation, provide for and regulate the fees of said officers and their successors, so as to reduce the same to a reasonable compensation for services actually rendered. But the General Assembly may, by general law, classify the counties by population into not more than three classes, and regulate the fees according to class. This article shall not be construed as depriving the General Assembly of the power to reduce the fees of existing officers."

For the purpose of fixing the fees and compensation of county and township officers the legislature has divided the counties of the State into three classes (Hurd's Stat. 1913, p. 1256.): First, those not exceeding 25,000 inhabitants; second, those containing a population of over 25,000 and not exceeding 100,000; and third, those over 100,000. The county of Henry is in the second class, and therefore, under section 36 as it stood before the amendment of 1911, the town collectors in that county were entitled to two per cent commission on moneys collected, provided that all excess of commissions and fees over $1500 was required to be paid into the town treasury. Appellee Vickroy, in each of the years in question, collected over $1500 in fees and commissions and duly turned over the excess. On Septem-

ber 5, 1911, the town board of auditors in said township, in conformity with the amendment of 1911, fixed the salary of the town collector for the ensuing year at $400. These two suits were for the purpose of compelling Vickroy or his bondsmen to turn over the difference between $400 a year and $1500 a year.

Is the proviso added by the amendment of 1911 to section 36 of the Salaries act a general law providing that the fees of the township officers "shall be uniform in the class of counties to which they respectively belong," as required in said section 11 of article 10 of the constitution? And further, is said proviso a general law, uniform in its operation, so regulating the fees of the township officers as to give them "a reasonable compensation for services actually rendered," as required in said section 12 of said article 10?

The standard authorities define "uniform" as conforming to one rule, mode or unvarying standard; agreeing with each other; substantially one and the same; not different at different times or places; applicable to all places or divisions of a country. (Anderson's Law Dict.; Century Dict.; New Standard Dict.; 39 Cyc. 685, and cases cited; see, also, 8 Words and Phrases, 7175, and cases cited.) A law is uniform when all persons brought within the relation and circumstances provided for are affected alike; when it has uniform operation upon all within the class upon which it purports to operate. (Anderson's Law Dict. 1068; *Senior* v. *Ratterman,* 44 Ohio St. 661; *Commonwealth* v. *Mathues,* 210 Pa. St. 372.) The word "general" is defined as pertaining to the whole of a body, society, organization, or the like; not local, as, a general election; pertaining to, affecting or applicable to each and all the members of a class, kind or order; not particular; relating to a genus or kind; common to the many or to the greatest number; extensive, though not universal. (Webster's New Int. Dict.; 20 Cyc. 1182, and cases cited.) A general law is one framed in general terms and restricted

to no locality, operating equally upon all of a group of objects which, having regard to the purpose of the legislation, are distinguished by characteristics sufficiently marked and important to make them a class by themselves. (*State, Trenton Iron Co.* v. *Yard,* 42 N. J. Law, 357; 4 Words and Phrases, 3066, and cases cited.) The word "local" is used as a counter-term to "general." (*People* v. *Wilcox,* 237 Ill. 421.) Laws are general and uniform when they operate alike upon all who are in the same situation. A law is general, not because it embraces all the governed, but that it may, from its terms, when many are embraced in its provisions, embrace all others when they occupy a like position to those who are embraced. (*Hawthorn* v. *People,* 109 Ill. 302; *People* v. *Hazelwood,* 116 id. 319; *City of Clinton* v. *Wilson,* 257 id. 580.) It is not necessary that a law, to be general, should apply to every person in the State. Very few laws do so apply. An act is general in its nature and uniform in its operation if it acts upon all persons coming within its scope. *People* v. *Kewanee Light Co.* 262 Ill. 255.

Judged by these general rules, is the proviso here in question a general law, uniform in its operation? It is insisted by counsel for appellant that as it affects every township in the State it is not local or particular and therefore is general in its application. This is only true in the sense that it is uniform in giving certain powers to town boards of auditors of all townships in the State. It is certainly not uniform as it applies to the collectors or in its effect upon the tax-payers. The plain purpose of sections 11 and 12 of article 10 of the constitution was that the fees should be uniform, in order to bring about a reasonable compensation for services actually rendered; that this uniformity might be based upon the classification of counties into three classes and regulated according to the said classes. If the argument of counsel for appellant on this point is to be upheld it would place such a construction upon these con-

stitutional provisions as would justify the fixing of a different salary, in the manner here provided, for every town collector in the State. One town might pay a very large salary, and another of the same size, with the same amount of work, immediately adjoining, might pay a very small salary. Such a construction would effectually destroy all regulation of the fees according to the three different classes of counties, and also the purpose of the constitution that the various town officials should receive a reasonable compensation for the services actually rendered. It is true, as argued, that the policy of creating local municipal corporations for the management of matters of local concern runs back to the earliest period of our history and is expressly or impliedly guaranteed in most, if not all, of our State constitutions, so that the people of every hamlet, town and city of the State may be entitled to the benefits of self-government, (1 Dillon on Mun. Corp.—5th ed.—sec. 15,) and that the bestowal upon these local governmental agencies of the powers of legislation which have been commonly bestowed upon them is not considered as trenching upon the maxim that legislative power must not be delegated. (Cooley's Const. Lim.—6th ed.—138.) · While these fundamental principles are recognized by many of the provisions of our constitution, obviously the express provisions found in said sections 11 and 12 of article 10 were intended to limit the power of the local town or county authorities as to their power to fix the fees of township and county officials.

Absolute uniformity may not be attainable in practice but an approximation to it is possible, and a plain departure from the constitutional provision requiring such uniformity must necessarily be held in conflict therewith. (*Railroad Tax case,* 8 Sawyer, [U. S. Cir.] 38; Anderson's Law Dict. 1068.) This court has said that the limitations on the power of the legislature to enact laws affecting towns were few, but that among these few were the provisions in said sections 11 and 12 that the fees of township officers

must be fixed and regulated by a general law, uniform in its operation. (*People* v. *Knopf*, 171 Ill. 191; *People* v. *Grover*, 258 id. 124.) It has been held that the fixing of fees of township officers in fifty-one counties of the State, naming them without reference to population, controverts the provisions of the constitution here under consideration. (*Jefferson County* v. *Jones*, 63 Ill. 531.) This court, in considering certain provisions of the paragraph of section 36 of the Fees and Salaries act quoted above, has in effect held that the provision as to the present two per cent fees and commissions, and limiting the amount of such fees to $1500 in counties of the first and second classes and $3000 in counties of the first class, is constitutional. (*Ryan* v. *People*, 117 Ill. 468; *People* y. *Parker*, 231 id. 478.) It is clear that both of these provisions of the Fee act are general, uniform in their operation and in accordance with the classification of counties, tending to give a reasonable compensation to the collectors.

It is impossible, by law, to make the compensation of all township officials absolutely the same, compared to the amount of work done. "Constitutions, like all other laws, must have a reasonable and practical interpretation." (*Knickerbocker* v. *People*, 102 Ill. 218.) The purpose of the constitutional provisions here under consideration was to prevent special legislation with reference to the pay of township and county officials, and to place such officials, so far as practicable, upon an equality, so that each would receive a reasonable compensation for actual services rendered. The constitutional convention decided that this could best be done by dividing the counties into classes and then regulating the fees according to classes. The proviso in section 36 does not in any way attempt to regulate the fees according to the classification of counties. The compensation provided for thereby necessarily will not be uniform either as to all collectors or in each of the various classes of counties, and the results may, and almost certainly will,

in many instances defeat entirely, as to the pay of township collectors, the purposes and objects of these two sections of the constitution.

The method and manner of enforcing a law must necessarily be left to the reasonable discretion of administrative officers, but any law which vests in the discretion of such officers, unregulated by any rules or conditions whether such law shall be enforced at all with reference to individuals in the same class, is purely arbitrary. Such arbitrary power is, under the settled rules of law in this and other jurisdictions, a delegation by the legislature of its legislative functions to the officials in question. This proviso gave to the town boards of auditors the absolute authority, according to their own whim or caprice, to decide what the maximum pay should be in each town, regardless of whether it was reasonable and without any reference to the classification of counties. Such a law is necessarily invalid. (*Cicero Lumber Co.* v. *Town of Cicero,* 176 Ill. 9; *Noel* v. *People,* 187 id. 587; *Moore* v. *Mayor of Danville,* 232 id. 307; *Sheldon* v. *Hoyne,* 261 id. 222.) We are not here holding that the legislature cannot, by a general law, give to the township authorities the power to regulate the compensation of town officers in accordance with the classification of counties. Such law, however, can only grant to the township authorities a limited discretion within well fixed and defined rules by which the law can be impartially enforced, and thus carry out the plain and obvious purposes of the constitutional provisions herein under consideration. See on this point, in addition to the authorities last cited, *Kreitz* v. *Behrensmeyer,* 149 Ill. 496.

The lower court rightly held the proviso here in question unconstitutional. The judgment of that court will therefore be affirmed.    *Judgment affirmed.*