(No. 22668.—

THE PEOPLE *ex rel.* the City of Peoria, Appellee, *vs.* HUGH S. WESTON, Town Collector, *et al.*—(THE TOWN OF THE CITY OF PEORIA, Appellant.)

*Opinion filed December 19, 1934.*

GERTRUDE WARNER ALLEN, and GEORGE W. HUNT, for appellant; SHELTON F. McGRATH, for Hugh S. Weston, cross-appellant.

CHESTER F. BARNETT, for appellee.

Mr. JUSTICE HERRICK delivered the opinion of the court:

A petition in *mandamus* in the name of the People, on the relation of the city of Peoria, was filed in the circuit court of Peoria county, making defendants thereto the Town of the City of Peoria and Hugh S. Weston, as the town collector of such town. By the petition the relator sought to compel the defendants to pay to the treasurer of the city of Peoria the sum of $29,737.94, which sum it is alleged is the net balance of the collector's commissions after the payment of his fees of $1500. The petition charged that the defendant town is a town the corporate limits of which are co-extensive with the corporate limits of the city of Peoria, and that the relator is entitled to the relief sought, by virtue of the provision of section 36, as amended by the amendment of July 2, 1931, of "An act concerning fees and salaries." (Smith's Stat. 1933, chap. 53, pp. 1479, 1480; Cahill's Stat. 1933, chap. 53, par. 50, pp. 1428, 1429.) The town filed its motion in the nature of a demurrer to dismiss the petition, charging that the amendment was violative of certain provisions of

the State constitution as set forth in the motion. The collector filed his motion to dismiss in so far as the petition required him to pay any sum in excess of $21,237.94, claiming that he was entitled to the sum of $10,000 instead of $1500, as alleged by the petition, for commissions and fees by virtue of the amendment. Each motion was overruled. The defendants elected to abide by their motions. Judgment was entered directing the issuance of the writ as prayed and for costs against the defendants. A constitutional question being involved, the appeal comes direct to this court on appeal of the town and cross-appeal by the collector.

On behalf of the appellant town it is urged that the amendment violates (1) sections 11 and 12 of article 10, (2) section 13 of article 4, and (3) section 22 of article 4 of our State constitution. In approaching the consideration of the constitutionality of the statutory amendment we are mindful that the presumption is that the statute does not offend against any of the provisions of the constitution. *Michaels* v. *Hill,* 328 Ill. 11; *People* v. *Newcom,* 318 id. 188; Cooley's Const. Lim. (6th ed.) pp. 216-218.

Prior to 1927 section 36 of the Fees and Salaries act fixed the compensation of the town collector at two per cent on all moneys collected by him, with the provision that if the compensation so allowed was inadequate, the town or county board might allow additional compensation or per diem in lieu of other or greater commission, and with the further provision that all excess of commissions and fees over $1500 in counties of the first and second classes, and over $4000 in counties of the third class, should be paid into the town or district treasury. In 1927 section 36 was amended and a provision therein inserted to the effect that in counties not exceeding 300,000 inhabitants all excess of commissions and fees over $1500 shall be paid into the town or district treasury, and in counties containing a population exceeding 300,000 a commission

of two per cent shall be allowed on the first $200,000 and one per cent on the excess of $200,000 but not exceeding $800,000, and that no fees in excess of $10,000 shall be allowed the collector, and with the requirement that the payment of the excess of commissions and fees over $10,000 be paid into the town or county treasury, except in townships comprised of only one village whose limits are co-extensive with the corporate limits of the township. In townships of that character it was provided that the town board might authorize the expenditure of the excess allowed to the town collector.

The amendment to section 36 herein under consideration is as follows: "Each town or district collector shall be allowed a commission of two per cent, on all· moneys collected by him, to be paid out of the respective funds collected: *Provided,* that in any case where the compensation so allowed shall be insufficient, the town or county board may allow an additional compensation or per diem in lieu of other or greater commissions, in which case said additional compensation shall be paid out of the town or county treasury, as the case may require: *And, provided, further,* that in counties containing a population of not exceeding three hundred thousand inhabitants all excess of commissions and fees over fifteen hundred dollars shall be paid into the town or district treasury, and that in counties containing a population exceeding three hundred thousand inhabitants the said commission of two per cent shall· be allowed to and deducted by the town or district collector only upon the first two hundred thousand dollars of taxes collected by him in the aggregate, and in addition thereto he shall be allowed one per cent on the aggregate of all taxes collected by him in excess of two hundred thousand dollars, and all excess of commissions and fees over ten thousand dollars shall be paid into the town or county ·treasury except in townships comprised of only one village or city, the corporate limits of which are co-extensive with

the corporate limits of the township, in which case such excess shall be paid into the village or city treasury. The town, village or county board or city council may allow to the town or district collector additional expense money to cover cost of collection out of such excess commission."

Section 11 of article 10 of the constitution, so far as pertinent, provides that "the fees of township officers, and of each class of county officers, shall be uniform in the class of counties to which they respectively belong. The compensation herein provided for shall apply only to officers hereafter elected, * * * and such officers shall receive only such fees as are provided by general law."

Section 12 of article 10, so far as here important, provides: "and the General Assembly shall, by general law, uniform in its operation, provide for and regulate the fees of said officers, [State, county and town]. * * * But the General Assembly may, by general law, classify the counties by population into not more than three classes, and regulate the fees according to class."

An amendment to section 36 by which the town board of auditors of any town was authorized, prior to the election of a town collector, to fix the maximum amount of his compensation at a lesser sum than the two per cent commission, with a maximum fee of $1500 in counties of the first and second classes and a maximum fee of $3000 in counties of the third class, was held to be violative of sections 11 and 12 of article 10 of the constitution. (*People* v. *Vickroy*, 266 Ill. 384.) An act of the General Assembly by which the clerks of fifty-one counties named therein were allowed greater fees than were allowed to the other fifty-one counties of the State was held to be violative of section 11, in *Jefferson County* v. *Jones*, 63 Ill. 531.

The General Assembly has passed an act by which counties are divided into three classes pursuant to the provisions of the above quoted section 12, for the purpose of fixing the fees and compensation of county and township

officers in this State. (Smith's Stat. 1933, chap. 53, sec. 13, p. 1470; Cahill's Stat. 1933, chap. 53, sec. 13, p. 1420.) The amendatory act here clearly creates two additional classes of counties in addition to those provided by section 13 of the Fees and Salaries act. If the amendatory act here involved is valid we now have for the purpose of fixing the fees of the town collector, who is a town officer, five classes of counties, classified as follows: First class, counties with a population not exceeding 25,000; second class, counties with a population over 25,000 and not exceeding 500,000; third class, counties with a population exceeding 500,000; fourth class, counties with a population not exceeding 300,000; fifth class, counties with a population exceeding 300,000. The amendatory act of July 2, 1931, clearly offends the provisions of sections 11 and 12 of article 10 of our constitution. *People v. Gaulter,* 149 Ill. 39.

The city argues that the classification of counties by population into not more than three classes, as provided by section 12 of the constitution, relates to fees and not to compensation of State, county and township officers, and cites in support of that contention, *People v. Chetlain,* 219 Ill. 248, *Knox County v. Christianer,* 68 id. 453, and *Jefferson County v. Johnson,* 64 id. 149. An examination of those cases will disclose that the remuneration there provided to be paid to the officer was an allowance upon a per diem basis for time actually employed in and about the duties of his office. In our judgment those cases are not persuasive of the contention that the amendment here is within the constitution.

It is sometimes difficult to draw the distinction between the terms "fees" and "compensation." "Fees" are a reward or wages given to one for the execution of his office, the term being used synonymously with percentage or commission. (*City of Pittsburgh v. Grenet,* 238 Pa. 567.) "Compensation," as used in section 10 of article 10 of the

constitution as applied to county officers, includes not only the compensation to be paid the officers for the duties to be performed by them, but also embraces the expenses of stationery, fuel and office hire. (*Kilgore* v. *People*, 76 Ill. 548.) Section 11 also employs both the words "fees" and "compensation." The construction here urged by the city is inconsistent with the interpretation of the amendment of 1911 made to section 36, which amendment was declared unconstitutional. (*People* v. *Vickroy, supra.*) The amendment here uses the words "commissions" and "fees" by providing for the disposition of commissions and fees in excess of $1500 in towns of a population not exceeding 300,000 and in excess of $10,000 in towns with a population exceeding 300,000. If we were to give to the amendatory act here the construction that the city urges, viz., that the amendment pertains to "compensation" and not "fees" as used in sections 11 and 12 of the constitution, then counties, for the purpose of paying "compensation" to town collectors, are divided into two classes upon a population basis. Section 13 of the Fees and Salaries act, by which the counties are classified upon a population basis, specifically recites that the classification is made "for the purpose of fixing the fees and compensation of county and township officers." The act of July 2, 1931, imposes an entirely new and different classification of counties for the purpose of fixing the compensation of town collectors from that provided by section 13 of the statute as it existed at the time of the enactment of the amendment of July 2, 1931. By the adoption of the theory of the city that the amendment refers to "compensation" and not "fees," then the amendatory act, being an amendment of section 13 of the Fees and Salaries act without reciting the amendment at length in the new act, would cut across the grain of the constitutional inhibition created by section 13 of article 4 of the constitution. (*Nelson* v. *Hoffman*, 314 Ill. 616.) The amendatory act of July 2, 1931, clearly offends the

provisions of sections 11 and 12 of article 10 of the State constitution.

In view of our holding that the amendment of July 2, 1931, is unconstitutional, it will not be necessary to pass upon the other errors assigned and argued.

The judgment of the circuit court is reversed and the cause is remanded, with directions to sustain the motion of the town to dismiss the relator's petition.

*Reversed and remanded, with directions.*