(No. 33286.—■■■■■■■■■■)

ANDREW J. OSBORNE, Appellee, *vs.* THE CITY OF ALTON, Appellant.

*Opinion filed December 20, 1954—Rehearing denied Feb. 15, 1955.*

PATRICK S. O'NEILL, Corporation Counsel, of Alton, for appellant.

ANTHONY W. DALY, of Alton, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The question here is whether the city treasurer of the city of Alton, who is also *ex officio* township collector, is entitled to retain the commission allowed by statute upon taxes collected by township collectors in addition to his salary as city treasurer. An ordinance of the city of Alton provides that the city treasurer shall be *ex officio* township collector, and that "All commissions due him in the matter of collecting taxes, shall be paid into the treasury of the City of Alton, and his only compensation shall be the salary as fixed" by the city council. The circuit court of Madison County held this ordinance invalid, and certified that the public interest requires a direct appeal.

Andrew J. Osborne, city treasurer during the years 1949 through 1953, filed a complaint against the city of Alton, alleging that he had collected more than $75,000 of taxes in each of those years, and was entitled to retain $1500 as compensation for each year, but had not done so because of the ordinance, which he alleged is invalid. He also alleged that he was holding $7500 from the proceeds of current tax collections as his total statutory commission as township collector for the five-year period, and prayed for a declaration of his right to retain that sum, and for general relief. Defendant's answer alleged that plaintiff had been paid in full the amount fixed by ordinance as his salary as city treasurer. No other defense was asserted, and no issue of fact arose on the pleadings.

Judgment was entered holding the ordinance invalid, and declaring that the plaintiff was entitled to retain from the funds in his possession the sum of $1500, representing his commission as township collector on 1953 taxes which he collected. The judgment denied the plaintiff's right to retain the balance of $6000 claimed on account of collections in earlier years, since the funds which the plaintiff held were the proceeds of 1953 collections. As to this balance, however, judgment was entered for the plaintiff against the city in the sum of $6000.

The only question raised by the city is the correctness of the judgment insofar as it held invalid the city's ordinance requiring the treasurer to pay all commissions into the city treasury. Determination of this narrow issue depends upon a construction of the governing statutes.

The corporate limits of the city of Alton and of the township of Alton are coterminous. In such cases it is provided that "The city council in such city and town may by ordinance provide that the offices of * * * city treasurer and town collector shall be united in the same person; * * *. In case of any combination of offices pursuant to this Section, the combined office shall be filled in the

manner provided by law for filling the office of \* \* \* city treasurer \* \* \*." Ill. Rev. Stat. 1953, chap. 139, par. 131.

Section 9-99 of the Revised Cities and Villages Act provides that the corporate authorities of any city may fix the salary of all city officers, and that, "No compensation shall be paid to any city officer or employee in addition to that provided in the ordinance fixing his salary." (Ill. Rev. Stat. 1953, chap. 24, par. 9-99.) As stated, an ordinance of the city of Alton makes the city treasurer *ex officio* township collector, and provides that his only compensation shall be the salary as fixed by the city council.

Section 36 of the Fees and Salaries Act provides that "Each town \* \* \* collector shall be allowed an annual commission of two per cent on all moneys collected by him, to be paid out of the respective funds collected; \* \* \* provided, \* \* \* that in counties containing a population of not exceeding three hundred thousand inhabitants all excess commissions and fees over fifteen hundred dollars shall be paid into the town \* \* \* treasury, \* \* \* except in townships comprised of only one \* \* \* city, the corporate limits of which are co-extensive with the corporate limits of the township, in which case such excess shall be paid into the \* \* \* city treasury." Ill. Rev. Stat. 1953, chap. 53, par. 55.

The plaintiff rests his claim upon section 36 of the Fees and Salaries Act. If no other statutory provisions were relevant, that section would support the claim. But other provisions which bear directly upon the problem cannot be disregarded.

It is not disputed that the city council of Alton is authorized by statute to unite the offices of city treasurer and township collector and thereafter to elect only a city treasurer. The statutory provision which confers this authority is one of many similar provisions designed to simplify local government and to achieve economy by eliminating unnecessary

offices and officers. For example, in the case of townships lying wholly within a city of more than 50,000 population the powers of the township are to be exercised by the county board, and the treasurer of the county is to be *ex officio* township collector. (Ill. Rev. Stat. 1953, chap. 139, pars. 134-5.) In counties with a population of less than 100,000 no town collector is to be elected, but the county collector is to be *ex officio* town collector. Provision is also made for the abolition, upon a referendum, of the office of township collector in counties of more than 100,000 population. Ill. Rev. Stat. 1953, chap. 139, par. 60.

With respect to the abolition of the office of town collector in counties having a population of less than 100,000, this court has said: "Said section 243 [of the Revenue Act of 1872] was amended for the purpose of carrying out the plan of having the taxes all collected by the county treasurer in counties under township organization and having a population of less than 100,000, thereby abolishing the office of town collector. The intent of the legislature, it seems to us, must have been to provide that the fees heretofore paid the town collector for the collection of taxes be abolished with the office, * * *." (*People* v. *Wallace*, 291 Ill. 465, 469.) The same view has been taken in numerous other cases in which the duties of one office have been imposed, *ex officio,* upon the holder of another office. So in *Kilgore* v. *People*, 76 Ill. 548, when the Revenue Act of 1872 provided that the treasurers of counties under township organization should be *ex officio* county collectors, it was held that an allowance of compensation to a county treasurer necessarily included the duties performed by him as collector. See also, *Foote* v. *Lake County*, 206 Ill. 185; *Wood* v. *Cook*, 31 Ill. 271.

As we read the statutes here involved, it seems clear that the General Assembly intended that in cases in which the boundaries of city and township are coterminous, the city council should decide whether to retain separate town-

ship offices and officers. It is authorized, but not required, to consolidate township and city offices. When a consolidation has been effected, the office of township collector is eliminated and the duties of that office are imposed, *ex officio,* upon the city treasurer. The salary to be paid to the city treasurer is determined by the city council, and no compensation other than that is to be paid to him. This reading of the statutes carries out the apparent legislative purpose to make it possible to reduce the cost of local government by eliminating offices thought to be unnecessary; it gives effect to section 36 of the Fees and Salaries Act in those instances in which the city council has not united the offices of city treasurer and township collector.

It is argued by the plaintiff that unless section 36 of the Fees and Salaries Act governs his compensation as township collector, the result will be that the compensation of township officers will not be fixed "by general law, uniform in its operation," and therefore sections 11 and 12 of article X of the constitution will be violated. It is of course settled that separate treatment of coterminous cities and townships is not in general considered as improper special legislation. As was said in *People ex rel. Meyer* v. *Hazelwood,* 116 Ill. 319, 328: "Again, the objection is urged that the law is local or special, in that the townships affected by the act are essentially different from townships existing in territory unaffected by the act, and that it is, for that reason, unconstitutional. It will be observed that this difference is merely in the instrumentalities by and through which the general township system is enforced. The main object, evidently, is to reduce the number of officials required to carry on local government, and, to that extent, to reduce expenses."

The plaintiff contends, however, that so far as the compensation of town collectors is concerned, sections 11 and 12 of article X prohibit any difference of treatment unless this is based on the threefold classification of counties found

in section 13 of the act of 1872. (Ill. Rev. Stat. 1953, chap. 53, par. 30.) Section 11 of article X provides that "the fees of township officers * * * shall be uniform in the class of counties to which they respectively all belong. * * *" Section 12 provides in part that "the general assembly shall, by general law, uniform in its operation, provide for and regulate the fees" of State, county and township officers "so as to reduce the same to a reasonable compensation for services actually rendered. But the General Assembly may, by general law, classify the counties by population into not more than three classes, and regulate the fees according to class."

Plaintiff relies entirely on the case of *People* v. *Vickroy,* 266 Ill. 384, where a statute which authorized the township board of auditors in any town to fix the maximum compensation of town collectors at a lesser amount than that prescribed by statute was held invalid. We do not agree with plaintiff's interpretation of the *Vickroy case.* We regard that decision as holding only that the classification must be reasonable, not that a classification which is otherwise reasonable must also conform to a classification of counties by population. Moreover, sections 11 and 12 are not in our opinion applicable here. They relate to persons who perform the functions of town collector in their own right, and not to those who do so only by virtue of holding another office. So far as compensation is concerned, the statute permitting the city council to unite the offices of city treasurer and town collector in effect authorizes it to abolish the latter as an independent office, and thereby permits the city to eliminate the fees which formerly attached to it. Cf. *People* v. *Wallace,* 291 Ill. 465, 469.

The precise question before us was involved in *People* v. *Holten,* 287 Ill. 225. In that case, Holten, who was the city treasurer of East St. Louis, and *ex officio* town collector for the coterminous town of East St. Louis, had

retained two per cent of the taxes he collected, in addition to his salary as treasurer. The suit involved the validity of a compromise entered into by the city in an action to recover upon Holten's bond. Our decision was that there was no authority to compromise that claim since there was no dispute as to the amount of the liability. While the point is not expressly discussed, the holding in the case necessarily implies that there was no constitutional infirmity in depriving the city treasurer of the two per cent commission upon taxes collected in his capacity as *ex officio* town collector.

In view of the *Holten* decision, and on the basis of our consideration of the constitutional and statutory provisions involved, we hold that the ordinance of the city of Alton is valid, and that the plaintiff accordingly has no right to commissions on tax collections made by him as city treasurer. The judgment of the circuit court of Madison County is therefore reversed.

*Judgment reversed.*