Mildred L. Arends, Town Collector, and City of Peoria, Plaintiffs-Appellees, v. Peter J. Naughton, Individually and as County Treasurer of County of Peoria, Defendant-Appellant.

Gen. No. 10,962.

Second District.

August 29, 1956.

Released for publication September 15, 1956.

Cassidy, Sloan & Cassidy, of Peoria, for defendant-appellant.

Max J. Lipkin, of Peoria, for plaintiffs-appellees.

JUSTICE EOVALDI delivered the opinion of the court.

This is an appeal from an order for a temporary injunction restraining defendant Peter J. Naughton, individually, and as County Treasurer and Ex-Officio County Collector of Peoria County, from collecting real estate taxes from taxpayers of the Town of the City of Peoria unless and until such taxes were delinquent.

On March 14, 1956, the City of Peoria, a municipal corporation, and Mildred L. Arends, Town Collector for the Town of the City of Peoria, filed a complaint for a declaratory judgment and other relief against Peter J. Naughton, individually, and as County Treasurer of the County of Peoria, asking for a declaration of the rights of the parties with respect to the collection of real estate taxes in the Town of the City of Peoria. The complaint prayed for an order of court declaring that the defendant did not have the power to collect taxes from the taxpayers of the Town of the City of Peoria unless and until such taxes were delin-

quent, and that the real estate tax bills with respect to the taxes for the year 1955, collectable in 1956, should contain no legend or wording thereon indicating that said taxes might be paid to the defendant or to his office prior to September 1, 1956. The complaint alleged that the defendant had caused tax bills to be printed containing a statement that real estate taxes for the Town of the City of Peoria could be paid at his office. The complaint further asked that after the court had declared plaintiffs' rights as prayed for, and should the defendant fail to comply with the declaration of rights in favor of the plaintiffs, then that a temporary injunction be issued by the court restraining defendant, Peter J. Naughton, or any of his agents, servants, or employees, from collecting taxes as aforesaid.

Subsequently, on March 27, 1956, a notice of application for temporary injunction was served on the defendant, which said motion was heard on April 26. Previously, on April 13, 1956, the County of Peoria filed its petition for leave to intervene, setting forth that if the prayers of the complaint for declaratory judgment were granted or if an injunction were issued restraining defendant Naughton from collecting the taxes, the County of Peoria would lose revenues amounting to three per cent of any of said taxes which might be collected. There being no objection, the court granted the petition for leave to intervene.

The motion for temporary injunction was based on the verified complaint filed by the plaintiffs, and it asked: (1) that defendant be restrained from sending out tax bills to taxpayers of the Town of the City of Peoria containing the legend or wording indicating that taxpayers might pay their taxes to defendant before September 1, 1956, and (2) that defendant be restrained from collecting real estate taxes from taxpayers of the Town of the City of Peoria unless and until such taxes were delinquent.

229

Verified answers having been filed, on April 26, 1956, the circuit court entered an order for temporary injunction denying the plaintiffs' prayer for a writ of injunction restraining the defendant from mailing the real estate tax bills with respect to the taxes for the year 1955, payable in 1956, containing the legend or wording indicating that said taxes may be paid to the defendant or to his office prior to September 1, 1956, but granting a writ of injunction restraining and enjoining the defendant Peter J. Naughton, individually, and as County Treasurer of the County of Peoria, from collecting the real estate taxes from the taxpayers of the Town of the City of Peoria unless and until such taxes were delinquent. This appeal is brought by the defendant Naughton, individually, and as County Treasurer of the County of Peoria, but the intervening defendant, the County of Peoria, has not filed an appeal from the order granting the temporary injunction.

The County of Peoria, one of the thirteen counties in Illinois having over 100,000 inhabitants, is a county under township organization and is designated by statute as a county of the second class. It contains nineteen townships, in eighteen of which township collectors have always been and are still being elected. The nineteenth township is known as the Town of the City of Peoria, organized under the Act of May 23, 1877, now Section 127 of Chapter 139, Ill. Rev. Stat., 1955. The boundaries of the City of Peoria and the Town of the City of Peoria are coextensive. The plaintiff, Mildred L. Arends, is the duly elected and acting city treasurer of the City of Peoria and by virtue of the provisions of Section 131, of said Chapter 139, Ill. Rev. Stat., 1955, is also township collector of the Town of the City of Peoria, the said City of Peoria having adopted an ordinance designating the city treasurer as such township collector on February 11, 1908. Section 640, Chapter 120, Ill. Rev. Stat., 1955, provides that

collector's books for the collection of taxes be made up to correspond with the organized townships, and a separate book is made up for the Town of the City of Peoria. Section 653, of said Chapter 120, Ill. Rev. Stat., 1955, provides that the county clerk shall deliver the books for the collection of taxes to the county or town collectors. Section 671 of Chapter 120, Ill. Rev. Stat., 1955, provides that every town collector, and every county collector, in cases where there is no town collector, upon receiving the tax book or tax books, shall proceed to collect the taxes. Section 679 and 680 of said Chapter 120, Ill. Rev. Stat., 1955, provide that town collectors shall, every thirty days, render an accounting of taxes payable to the county collector and make final settlement for the amount of taxes placed in their hands for collection within sixty days after receiving the tax books; and said sections provide further, that town collectors in townships organized under the Act of May 23, 1877 (as was the Town of the City of Peoria), shall make a partial settlement with the county collector of all taxes collected at the expiration of sixty days from the day the tax books are received by such town collectors, but shall retain the tax books until on or before the first day of September at which time they shall make final settlement and return the tax books to the county collector. The provisions of Section 680, Chapter 120, Ill. Rev. Stat., 1955, permitting the plaintiff to retain the books until September 1 was incorporated in the statutes in 1939 at the time of the revision of the Chapter on Revenue. Prior to that time, town collectors returned the books to the county collector sixty days after receipt thereof.

In all of the townships in the County of Peoria outside the City of Peoria, the township collectors, prior to the year 1956, collected the taxes between May 1 and July 1 and the county treasurer collected said taxes after July 1. In the Town of the City of Peoria the plaintiff herein collected the taxes during the year

1955 until September 1, 1955, so that prior to the time of the filing of the complaint in this cause and prior to the time of the issuance of the injunction, the defendant Naughton had not collected real estate taxes in the Town of the City of Peoria during the previous year prior to September 1, 1955.

Section 55, Chapter 53, Ill. Rev. Stat., 1955, provides that town collectors shall be allowed a commission of two per cent on all monies collected by them, with the further requirement that in counties containing a population of not exceeding 300,000 inhabitants all excess of commissions and fees over $1,500 shall be paid into the town treasury (into the city treasury where a town and city have coextensive boundaries as does Peoria). Section 39, Chapter 53, Ill. Rev. Stat., 1955, provides that county collectors shall be allowed a commission of three per cent on all monies collected by them, which said commission is turned over to the counties and is an important source of revenue for them. The plaintiffs' complaint sets out that in the event the defendant were to collect taxes for the Town of the City of Peoria, the City of Peoria would be deprived of the commissions and fees provided for, which during the year 1955 amounted to approximately $160,000, and furthermore, all of the taxing bodies of the County of Peoria, which during the year 1955 levied taxes collectable during the year 1956 in the amount of approximately $8,500,000, would receive from the collection of such taxes a sum equal to one per cent less than the amount they would receive if the taxes were collected by the plaintiffs; that the various taxing bodies as well as the plaintiff, City of Peoria, would be compelled to institute suit against the defendant to recover the sums of money due them by virtue of his actions, which would entail a large number of separate law suits, which litigation and multiplicity of suits would be avoided if the court is-

232

sued an injunction restraining defendant Naughton from attempting to collect such taxes. ·

It is the appellant's theory of the case that the temporary injunction was improvidently issued as: (1) there was no necessity for same—there was no irreparable injury threatened to plaintiffs, for if they were entitled to fees the fees could be calculated with mathematical certainty from appellant's records; (2) the interests of the taxpaying public would be better served by denying the injunction; and (3) the complaint on its face showed that there was no right in the plaintiffs to collect fees because the identical statute on which they relied as giving them that right was declared unconstitutional in 1934, in a case involving the City of Peoria—People v. Weston, 358 Ill. 610. It is contended by defendant (1) that the City of Peoria has no right to obtain any fees on the amount of taxes collected, as Section 55, Chapter 53, Ill. Rev. Stat., 1955, is unconstitutional, as said statutory fee is unreasonable compensation for services actually rendered; (2) that by virtue of the provisions of Section 60, Chapter 139, Ill. Rev. Stat., 1955, no township collectors are to be elected in Peoria County; and (3) said Section 55, Chapter 53, Ill. Rev. Stat., 1955, has been held unconstitutional in People v. Weston, supra.

■ The contention that the two per cent commission payable to plaintiff under the statute is unreasonable, and therefore void, is without merit when we consider that the same chapter of the statute under which the defendant claims his commission, provides him with a larger commission, namely, three per cent. The constitutional provision referred to, Section 12 of Article 10, specifically provides as follows:

"But the General Assembly may, by general law, classify the counties by population into not more than three classes, and regulate the fees according to class."

As the particular officer does not receive the two per cent, it is clear that the statutory commission is not compensation for the services actually rendered, but same enures to the benefit of the governing body, the town, city, or county, as the case may be. Such provision has been held valid in the case of Hoyne v. Danisch, 264 Ill. 467, pages 472–473.

■■■■ The next contention is that Section 60 of Chapter 139, Ill. Rev. Stat., 1955, has abolished the office of township collector in the Town of the City of Peoria. The particular statutory provision specifically relates to counties, not towns, wherein no township collectors were elected in 1937. Peoria County contains eighteen townships in which township collectors have always been elected and are still being elected, and the Town of the City of Peoria has elected a town collector by virtue of the election of Mildred L. Arends as city treasurer. This statute has been held constitutional in the case of the People v. Hazelwood, 116 Ill. 319. Great stress is placed by defendant on People v. Weston, supra. In that case, the City of Peoria filed a petition in mandamus against the Town of the City of Peoria to compel the town to pay to the City of Peoria the balance of the gross commissions after the payment of the $1,500 fee under the provisions of the Revenue Act. The court held that the city was not entitled to this money for the reason that by virtue of the amendment of July 2, 1931, there was created two additional classes of counties in addition to those provided by Section 13 of the Fees and Salaries Act [Ill. Rev. Stats. 1955, ch. 53, § 30]. It should be noted that the court did not hold that the two per cent commission was illegally collected, but merely held that because of the particular amendment, the City of Peoria was not entitled to receive the money from the Town of the City of Peoria. In two later cases, the Supreme Court considered the same statute. In People

v. New York Cent. R. Co., 397 Ill. 50, the court had before it the interpretation of this section of the Statute. The court said, at page 57:

"The statutory provisions invoked are not divided into parts, and the exception to the effect that, in townships comprising only one village or city where the corporate limits are the same as those of the township, the excess of commissions and fees shall be paid into the village or city treasury applies alike to villages and cities in counties of under, as well as over, three hundred thousand population."

The court went on to say on the same page:

"Further fortifying the conclusion that the commissions were properly paid to the city treasury is the fact that the city treasurer is ex-officio town collector. The legislative intent is clearly to place all possible town powers in the hands of a village or city where coextensive with the town. It may well be that the excess commissions in townships having a population as large as East St. Louis would be double or even triple the total tax levy of the town for general corporate purposes. The tortuous construction of the statute urged by defendant would produce absurd consequences. A familiar rule of statutory construction is that where one of two constructions of a statute is reasonable and wholesome, and the other leads to mischievous, if not absurd, consequences, the latter construction should be avoided. People ex rel. Simpson v. Funkhouser, 385 Ill. 396; People v. Continental Ill. Nat. Bank and Trust Co. 360 Ill. 454."

The rule of law announced in the above case has further been carried out by the legislature, by the adoption of an amendment to the the township act, namely, Section 130, Chapter 139, Ill. Rev. Stat., 1955, providing that all powers vested in the Town and the Board

235

of Town Auditors of such town shall be exercised by the city council. In this connection it should be noted that the City of Peoria would be entitled to the excess commissions, and could obtain the same, by virtue of the provisions of Section 39.18 of Chapter 139, Ill. Rev. Stat., 1955, which provides that in towns wholly within the limits of an incorporated city, any money in the treasury of the town may be transferred to the treasury of such city to be used by the city in its corporate capacity by action of the electors at the annual town meeting or by its board. In the case of Osborne v. City of Alton, 4 Ill.2d 605, the Supreme Court held that the duties of the office of township collector in cities organized under the Act of 1877 are imposed upon the city treasurer and that the commissions are all properly paid into the treasury of the city, including the $1,500 referred to in said statute. The circuit court of Peoria county properly granted the temporary injunction in order to maintain the status quo pending the final detetrmination of the rights of the parties. The office of a temporary injunction is to preserve the rights of the parties and continue the property and the rights therein in statu quo until the cause can be disposed of on the merits or until further order. Almon v. American Carloading Corp., 380 Ill. 524; Nestor Johnson Mfg. Co. v. Goldblatt, 371 Ill. 570. Since the defendant Naughton did not collect real estate taxes in the Town of the City of Peoria during the year 1955 prior to September 1, 1955, the court preserved the status quo by issuing its injunction.

██ ██ The law is well settled in Illinois that the trial court is vested with large discretionary power in granting or vacating an order for injunction, and un-

236

less the reviewing court finds that the discretion has been abused, the order will not be set aside. Bernard Bros., Inc. v. Deibler, 326 Ill. App. 538; Drainage Commissioners v. Russell, 336 Ill. App. 604, 84 N.E.2d 568.

Since the circuit court acted properly in issuing the order for temporary injunction, the judgment of the circuit court is hereby affirmed.

Affirmed.

DOVE, P. J., and CROW, J., concur.