The City of Joliet, a Municipal Corporation, Plaintiff-Appellee, v. Joseph P. Lohman, State Treasurer of the State of Illinois Ex-Officio as Trustee, et al. (City of Crest Hill, a Municipal Corporation, and Eugene Muir, City Treasurer of said City of Crest Hill, Certain Defendants-Appellants).

Gen. No. 11,511.

Second District, Second Division.

August 31, 1961.

Rehearing denied October 10, 1961.

Cirricione & Penn, of Joliet, for appellant.

Barr, Murphy & Timm, Paul F. Brumund and James M. Bartley, all of Joliet, for appellee.

SPIVEY, P. J.

This is an appeal from the denial of a motion to vacate a temporary injunction issued without notice and bond by the Circuit Court of Will County. The City of Joliet, appellee, secured an injunction restraining the Treasurer of the State of Illinois, the State Auditor of the State of Illinois, and the Director of the Department of Revenue, of the State of Illinois from paying certain tax funds to the City of Crest Hill pending a quo warranto suit between Joliet and Crest Hill. The order also enjoined the City of Crest Hill and Eugene Muir, Treasurer of Crest Hill, from appropriating, expending, distributing or disposing of any of the sales tax monies thereafter paid to them which monies were collected in a certain territory. Joliet and Crest Hill both claimed the incorporation of this territory and both claimed tax revenues from the commonly claimed territory.

In this complaint, Joliet alleged that certain territory claimed by Crest Hill, which is the subject of this litigation, was not properly incorporated into Crest Hill and alleged that a complaint for quo warranto had been filed by Joliet to test Crest Hill's authority over the territory claimed by both municipal corporations. Joliet alleged that each municipal corporation had passed an ordinance levying one-half of one per cent tax on the sale of tangible personal property at retail within the territory claimed and that the state officers threatened to commence and continue to pay the sales tax collected in the territory to Crest Hill. Joliet alleged that it was without remedy and stated that if the tax were paid to Crest Hill prior to a determination of the quo warranto suit and if the annexation of the subject territory to Crest

127

Hill were determined to be illegal, then the tax money could not be recovered by Joliet and Joliet would have been irreparably damaged.

Joliet prayed for a temporary injunction without notice or bond enjoining the state officers from disbursing the disputed tax money to Crest Hill and enjoining Crest Hill and its treasurer from appropriating or disposing of any of the tax money until a final determination of the quo warranto proceeding had been made.

The prayer of the complaint was granted and the injunctions issued and were served. Defendant Crest Hill filed a motion to vacate the injunction and alleged that: (1) The issuance of the temporary injunction without notice was an abuse of the court's discretion (2) the complaint failed to allege sufficient facts to show that the failure to give notice would result in irreparable injuries, and (3) the complaint for temporary injunction fails to state a cause of action justifying issuance of a temporary injunction without service of notice. The motion to vacate was denied and from the denial, Crest Hill has appealed. The defendant, Crest Hill, has not filed either a motion to dismiss the complaint, an answer to the complaint, or a motion to dissolve the injunction.

In its appeal, Crest Hill now contends that (1) Quo warranto is an exclusive remedy and so the court abused its discretion in issuing the injunction without notice, (2) the complaint for temporary injunction fails to state a cause of action and so the court abused its discretion by issuing the temporary injunction without notice or bond, and (3) the complaint fails to show that giving of notice would have prejudiced the plaintiff and so the court abused its discretion in issuing the injunction without notice or bond.

■■ Crest Hill did not raise the issue of the exclusiveness of quo warranto as a remedy in its motion to vacate the temporary injunction. Therefore, we can-

not now consider this point. We are limited solely to a consideration of the issues raised in the trial court. The People v. Sackett, 351 Ill 363, 184 NE 646. However, if this proposition was before us, we believe that abundant authority exists to sustain the action of the trial court. Farwell v. Great Western Tel. Co., 161 Ill 522, 617, 44 NE 891; Chapman v. American Surety Co., 261 Ill 594, 599, 104 NE 247; City of Nameoki v. City of Granite City, 408 Ill 33, 36, 95 NE2d 920; Morgan Park v. City of Chicago, 255 Ill 190, 194, 99 NE 388; East Springfield v. Springfield, 238 Ill 534, 538, 87 NE 349.

The only issues, then, before this court on this appeal are, (1) does the complaint state facts to show irreparable damage, and if so, (2) does the complaint state a cause of action justifying the issuance of an injunction without notice?

■ The complaint alleges in substance the conflicting claims of the two cities to certain territory and alleges that a quo warranto proceeding is pending to resolve the claims. It is also alleged that each municipality enacted an ordinance imposing a one-half of one per cent sales tax on all sales of tangible personal property in the area claimed by the municipalities. It was also alleged that businesses selling tangible personal property at retail are located in the area. Plaintiff further alleged that it has an interest in the monies collected from the tax and that these monies should be held by the State Treasurer until a final determination is made in the quo warranto proceeding. The complaint also states that the Director of the Department of Revenue was advised of the conflicting claims to the tax money and on May 19, 1960, determined that the sales tax from the disputed territories would be withheld until there was a legal determination of the rights of the claimants and so advised the City of Joliet. Thereafter, plaintiff claims that the Director of the Department of Revenue di-

rected the State Treasurer to make payments of the disputed sales tax money to the City of Crest Hill and alleged that the Treasurer threatened to continue to make payments to the City of Crest Hill. It was also alleged that the power to make a determination of the claims of the cities was a judicial function, beyond the power of the Director of the Department of Revenue and properly the subject of the quo warranto suit. Plaintiff contended that the payments to Crest Hill were illegal and should be withheld but that the Department of Revenue will on or before the 25th day of each month continue to direct the Treasurer to disburse the monies collected to the City of Crest Hill unless restrained. Plaintiff stated it had no adequate remedy at law and that it will suffer great and irreparable damage and the loss of revenue even if the quo warranto suit was determined in its favor because the funds collected would have been disbursed and expended and plaintiff would be without any means to recover the funds. The complaint concluded with a prayer for a temporary injunction pending a final determination of the quo warranto suit to restrain the State officers from distributing the tax money collected and to restrain Crest Hill and its officers from spending or disbursing any of the tax money theretofore or thereafter paid to them.

In its brief and argument, defendant, Crest Hill calls to our attention the case of Emery v. Hennessey, 331 Ill 296, 162 NE 835. Defendant Crest Hill claims the status, at least, of a de facto municipal corporation. It contends that it can only be deprived of power by a judgment of ouster in a quo warranto proceeding. Crest Hill contends that by means of a temporary injunction, it has been deprived of its municipal powers to tax when even if the quo warranto proceeding terminated in favor of the City of Joliet, an ad-

130

verse judgment would not be retroactive so as to deprive Crest Hill of its de facto rights and liabilities. In the Emery case the court said, "A judgment of ouster is not retroactive upon the rights acquired and liabilities incurred prior to such ouster." We believe that this language supports the position of the City of Joliet rather than Crest Hill. The conclusion is inescapable that if the City of Joliet should prevail in the quo warranto proceeding and while the matter is litigated Crest Hill spends the tax money collected, Joliet will suffer irreparable damage. Joliet will have won the battle and lost the war. Clearly then, the complaint does sufficiently allege facts to show irreparable damage.

■■ This being so, did the court err in issuing the temporary injunction without notice? We think not. According to the authorities cited by both parties, the primary purpose of a temporary injunction is to preserve the status quo until the court has the opportunity to consider the case on the merits, and the showing on the pleading to obtain a temporary writ is less than that required to obtain a final permanent injunction. Aurora v. Warner Bros. Pictures Dist. Corp., 16 Ill App2d 273, 147 NE2d 694.

In O'Brien v. Matual, 14 Ill App2d 173, 144 NE2d 446, we said the temporary injunction was "to prevent such acts during the pendency of the action as would preclude the court from giving the plaintiff or counterclaimant his remedy at the end of the litigation if he be entitled to such. . . . The status quo which should be preserved by a temporary injunction is the last actual peaceable, uncontested status which preceded the pending controversy, and the necessity of the temporary injunction should be made apparent by appropriate allegations showing that a change in the status would cause irreparable injury." In the instant

case, it is admitted that if the plaintiff is successful in its quo warranto action, and Crest Hill is allowed to spend the tax money pending the determination of the suit, plaintiff will be without remedy to recover the money spent by the defendant Crest Hill.

■ ■ Finally, the court is vested with large discretionary power in granting an order for a temporary injunction and unless the reviewing court finds that the discretion has been abused, the order will not be set aside. Arends v. Naughton, 11 Ill App2d 227, 136 NE2d 697. The temporary injunction will not in any way impede the defendant in securing a consideration of the sufficiency of the complaint on motion to dismiss, or in determining the case on the merits.

We conclude that the trial court did not abuse its discretion and that there were sufficient facts pleaded to show the necessity for a temporary injunction. The judgment of the Circuit Court of Will County is affirmed.

Judgment affirmed.

CROW and WRIGHT, JJ., concur.