(No. 44502.—

# THE BOARD OF EDUCATION OF ELEMENTARY SCHOOL DISTRICT NO. 2 of DU PAGE COUNTY, Appellant, v. JAMES H. CLARK, Appellee.

*Opinion filed March 30, 1972.—Rehearing denied May 25, 1972.*

THOMAS F. PIERCE, of Chicago (WILLIAM A. REDMOND, of counsel), for appellant.

WILLIAM V. HOPF, State's Attorney, of Wheaton (MALCOLM F. SMITH, Assistant State's Attorney, of counsel), for appellees.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

For each of the years 1965 through 1969, the defendant, James H. Clark, as treasurer and ex-officio collector of Du Page County, collected the taxes levied by the various taxing bodies in Du Page County. Pursuant to section 21 of the Fees and Salaries Act (Ill.Rev.Stat. 1969, ch. 53, par. 39) he deducted a "fee" equal to 3% of the taxes collected each year before distributing the balance to the respective taxing units. During this five-year period,

his aggregate fees exceeded the expenses of operation of his office by more than eleven million dollars. This "excess" amount was paid into the Du Page County treasury as required by law. The plaintiff Board of Education, on its own behalf and on behalf of all local taxing bodies in Du Page County, brought a class action against defendant in the circuit court of Du Page County asking that the court order a refund to all taxing bodies of their proportionate share of the "excess" fees being held by the defendant in the county treasury on the grounds that the pertinent provisions of the Fees and Salaries Act allowing collection of the fees were unconstitutional as applied to Du Page County. The defendant's motion for summary judgment was allowed, and plaintiff appeals directly to this court.

Under the constitution of 1870 the compensation of county treasurers and certain other county officers could be paid only out of statutory fees collected by the office. A brief review of the constitutional and statutory provisions relating to such "fee offices" in counties other than Cook County is appropriate for a proper understanding of the issues in this case.

All pertinent provisions of the 1870 constitution are contained in sections 10 through 13 of article X. Section 10 provides that the compensation of such officers shall be fixed by the county board. The term "compensation" as used in this section includes not only the salary of the officer for the performance of his duties but also includes the basic expenses of operating his office such as "necessary clerk hire, stationery, fuel and other expenses." *(People ex rel. City of Peoria v. Weston (1934), 358 Ill. 610; Kilgore v. People (1875), 76 Ill. 548.)* Section 10 expressly provides that such compensation may be paid only out of the fees "actually collected." The fees of county officers must be fixed by the legislature within the limitations of sections 11 and 12 of article X. Section 12 provides in pertinent part that "the general assembly shall,

by general law, uniform in its operation, provide for and regulate the fees of said officers and their successors, so as to reduce the same to a reasonable compensation for services actually rendered. But the general assembly may, by general law, classify the counties by population into not more than three classes, and regulate the fees according to class." Section 11 provides that the fees of each class of county officers "shall be uniform in the class of counties to which they respectively belong." Section 10 provides that all fees received in excess of the lawful compensation which has been fixed for the office shall be paid into the county treasury. These latter provisions are implemented in the case of county treasurers by section 20 of the Act of 1915 relating to county treasurers which states: "The county treasurer shall retain no fees, commissions or other compensation whatsoever, except his salary or other compensation fixed by law, for his services when acting as such county treasurer or in any other official capacity incident to his incumbency of that office. All fees, perquisites and emoluments (above the amount of such salary or other compensation fixed by law) shall be paid into the county treasury." Ill.Rev.Stat. 1969, ch. 36, par. 36.

In this case it is conceded that the defendant complied with all applicable statutory provisions in retaining a fee out of the taxes he collected and in paying into the county treasury all fees in excess of the expenses of running his office. It is further admitted by the pleadings that for the years 1965 through 1969 inclusive, the amount of the excess fees transferred to the Du Page County treasury amounted to more than eleven million dollars. Plaintiff's complaint alleged that these excess fees were being held intact in the general fund of Du Page County and that they should be returned proportionately to the various taxing bodies in Du Page County since: (1) those funds resulted from fees which were unreasonable within the meaning of section 12 of article X and therefore in violation of the

"needful revenue" and "corporate purpose" provisions of sections 1 and 10 respectively of article IX of the 1870 constitution, and (2) payment of the excess fees into the county treasury constituted a diversion of taxes from the local taxing bodies to the county of Du Page in violation of the uniformity of taxation provisions of sections 9 and 10 of article IX of the 1870 constitution.

Plaintiff's initial contention that the fees collected by the defendant in this case were unreasonable is based primarily on that portion of section 12 of article X of the 1870 constitution which provides that the General Assembly by general law shall provide for and regulate fees "so as to reduce the same to a reasonable compensation for services actually rendered." This provision must be construed in the context of the other provisions of article X which rather severely limit the legislature's discretion in fixing fees. The constitutional requirement that the expenses of operation of fee offices may be paid only out of fees collected places on the legislature the responsibility of providing for fees which are sufficient to cover such expenses in every county throughout the State. However, it is apparent that the 1870 constitution gives the legislature very little latitude in differentiating between different counties in this regard. Counties may be classified for this purpose, although classification may be done only on the basis of population and the number of classes is limited to three. Furthermore, the fees of each class of county officers must be uniform throughout the State within the class of counties to which they belong. We think it is very significant that the constitution recognizes that excess fees may result as a consequence of this limited framework within which the legislature is permitted to provide for and regulate fees. As noted above, section 10 of article X specifically provides for the payment of excess fees into the county treasury where they will presumably be used for the benefit of all taxpayers in the county,

thereby ameliorating the effect of such excess fees insofar as the taxpayer is concerned.

Since 1872 the legislative plan for regulating fees of county treasurers and county collectors on a uniform basis throughout the State has been to divide counties into three classes according to population (Ill.Rev.Stat. 1969, ch. 53, par. 30) and fix fees within each class on the basis of a percentage of money collected and paid out. (Ill.Rev.Stat. 1969, ch. 53, pars. 39, 41; see *People ex rel. Stevenson v. Wiltshire (1879), 92 Ill. 260.*) In view of the constitutional limitations under which these provisions were enacted we are of the opinion that their constitutional validity cannot be determined on the basis of their effect in a single county during a limited period of time. While large excess fees may have resulted in one county during a certain year or period of years, it is conceivable that fees collected in other counties of the same class during the same time may have produced little or no excess at all. The provision of section 12 of article X of the 1870 constitution that the legislature fix and regulate fees so as to reduce the same to a reasonable compensation for services actually rendered is a mandate to the legislature to achieve this result generally throughout the State. That there may be aberrations from the norm is clearly recognized by the provisions of section 10 of article X providing for the payment of excess fees into the county treasury. In the case at bar, the excess fees in Du Page County for the years 1965 through 1969 were very substantial indeed. However, the pleadings contain no allegations that the provisions of the Fees and Salaries Act classifying counties and fixing the fees of county treasurers and county collectors have generally resulted in excess fees of this magnitude in other counties within the same class. We concur with the findings of the circuit court of Du Page County that on the record before us, plaintiff has not overcome the presumption of constitutionality of the statutory provisions here in question.

Plaintiff has cited our decision in *Flynn v. Kucharski (1970), 45 Ill.2d 211,* as authority for his contention that the payment of excess fees into the county treasury is repugnant to section 9 of article IX of the 1870 constitution which provides in part that "taxes shall be uniform in respect to persons and property, within the jurisdiction of the body imposing the same." The *Flynn* case involved an entirely different question than that now before us. In *Flynn,* the court considered a statute which afforded taxpayers residing outside the city of Chicago the option of paying taxes levied by Cook County either to their township collector or to the county collector. If taxes were paid to the township collector, he retained a fee which was placed in the township fund and used for local township purposes. Taxes levied for countywide purposes were thereby diverted to local township purposes, which, under the facts of that case, constituted a violation of the uniformity of taxation requirement of sections 9 and 10 of article IX of the 1870 constitution. In the case before us, the defendant's 3% fee is applied uniformly to the taxes he collects from all taxpayers in Du Page County. Unlike the situation in *Flynn,* the excess fees are paid into the county treasury where they will be used for countywide purposes. To the extent this constitutes a "diversion" of taxes levied by local taxing units for local purposes, that diversion is clearly required by section 10 of article X of the 1870 constitution which provides that such excess fees must be paid into the county treasury.

The case before us rather clearly illustrates one of the imperfections of the fee office system as it existed under our prior constitution. This type of situation will not reoccur under the constitution of 1970. Section 9(a) of article VII of our new constitution provides: "Compensation of officers and employees and the office expenses of units of local government shall not be paid from fees collected. Fees may be collected as provided by law and by ordinance and shall be deposited upon receipt with the

treasurer of the unit. Fees shall not be based upon funds disbursed or collected, nor upon the levy or extension of taxes."

The judgment of the circuit court of Du Page County dismissing plaintiff's complaint is affirmed.

*Judgment affirmed.*